UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

REBECCA BALL,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CIVIL NO.  1:20cv245
                                       )
ANDREW M. SAUL,                        )
Commissioner of Social Security,       )
                                       )
        Defendant.                     )

OPINION AND ORDER

This matter is before the Court on motion to dismiss for lack of subject matter jurisdiction,

filed by the Defendant on September 2, 2020.  Plaintiff filed a response to the motion on

September 25, 2020.  Defendant has declined to file a reply.

Discussion

On January 3, 2020, after her application for Social Security benefits was denied, Plaintiff

filed suit in this court, in Civil No. 1:20cv9-DRL. On this same date, Plaintiff filed a motion for

leave to proceed *in forma pauperis*.  This motion was denied on January 8, 2020, and Plaintiff

was instructed to pay the filling fee on or before February 11, 2020.  On February 18, 2020, the

Court dismissed Plaintiff's case for failure to timely pay the filing fee.

On July 1, 2020, Plaintiff filed the instant action, titled "Complaint for Mandamus to

Require the Commissioner of the Social Security Administration to Hold a Hearing (Presided by a

Constitutionally Appointed Administrative Law Judge) in Relation to the Denial [of] Plaintiff's

Disability Insurance Benefits Application".  Plaintiff asserts jurisdiction pursuant to Article III of

the United States Constitution and 28 U.S.C. 1331. Plaintiff further asserts that jurisdiction arises

under the Mandamus Act, 28 U.S.C. 1361.

The gist of Plaintiff's current complaint is that the hearing in her dismissed case was not held before a "duly appointed ALJ" as required by the Appointments Clause of the Constitution. *See Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018)(SEC ALJs were officers of the United States and thus their appointments were unconstitutional because the appointing official was not one specified by the Appointments Clause). Plaintiff thus seeks a writ of mandamus requiring, *inter alia*, the Defendant to afford Plaintiff a hearing before a duly appointed ALJ. In essence, Plaintiff is seeking a do-over because she missed the filing fee deadline in her appeal to this Court of the denial of benefits.

The Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the existence of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015); *Schmidt v. Waterstone Bank SSB*, 753 F. App'x 414, 416 (7th Cir. 2019). When a defendant challenges the sufficiency of the allegations concerning subject matter

---

[1] Defendant's "Opposition to and Motion to Dismiss Plaintiff's Complaint", without citing to any Federal Rule of Civil Procedure, simply states:

"To the extent that this Complaint seeks review of the Commissioner's decision pursuant to 42 U.S.C. Section 405(g), this action was untimely because it was not brought within sixty days of the decision becoming final, and this Court therefore lacks subject matter jurisdiction.

To the extent that Plaintiff's Complaint is treated as an action for mandamus, this Court should dismiss Plaintiff's Complaint because this Court does not have subject-matter jurisdiction under the Mandamus Act, 28 U.S.C. Section 1361."

jurisdiction, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Remijas*, 794 F.3d at 691; *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (stating that "when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal*'s 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)"). If a defendant factually challenges the basis for federal jurisdiction, however, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital*, 572 F.3d at 444; *see also id.* (explaining that "a factual challenge lies where the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction" (internal quotation marks omitted)). "When facts relevant to subject-matter jurisdiction are disputed, the plaintiff must establish those facts by a preponderance of the evidence." *Miller v. Fryzel*, 499 F. App'x 601, 603 (7th Cir. 2013).

The first question is whether this Court has jurisdiction pursuant to the Social Security Act.  Plaintiff asserts that "[t]his case arises under the Social Security Act and under regulations promulgated pursuant to the Act...".   It is well settled that "the United States, as sovereign, 'is immune from suit save as it consents to be sued…and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative order may occur. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Congress provided the parameters of judicial review of final

3

decisions on claims arising under Title II or Title XVI of the Social Security Act in sections

205(g) and (h) of the Social Security Act. 42 U.S.C. § 405(g) and (h). The remedy provided by

section 205(g) is exclusive. The relevant provisions of section 205(g) state:

> (g) Any individual, after any final decision of the Commissioner made after a
> hearing to which he was a party, irrespective of the amount in controversy, may
> obtain a review of such decision by a civil action commenced within sixty days
> after the mailing to him of notice of such decision or within such further time as
> the Commissioner may allow. * * *

> (h) The findings and decision of the Commissioner after a hearing shall be binding
> upon all individuals who were parties to such hearing. No findings of fact or
> decision of the Commissioner shall be reviewed by any person, tribunal, or
> governmental agency except as herein provided. No action against the United
> States, the Commissioner, or any officer or employee thereof shall be brought
> under section 1331 or 1346 of Title 28 to recover on any claim arising under this
> subchapter

.
42 U.S.C. § 405; *see also* 42 U.S.C. § 1383(c)(3) (incorporating the provisions of 42 U.S.C.

405(g) into Title XVI of the Social Security Act).

Thus, the only civil action permitted on any claim arising under Title II or Title XVI of the

Social Security Act is an action to review the "final decision of the Commissioner made after a

hearing…," and such action must be "commenced within sixty days after the mailing to him [the

party bringing the action] of notice of such decision or within such further time as the

Commissioner may allow."  The Appeals Council's notice of the denial of benefits was dated

November 7, 2019.  Thus, Plaintiff was required to file her complaint on or before January 13,

2020.

Although Plaintiff's original complaint, Civil No. 1:20cv9-DRL, was timely filed (and then

subsequently dismissed for failure to pay the filing fee), Plaintiff's present case was not filed until

July 1, 2020, well after the January 13, 2020 deadline. As the Social Security Act provides a

4

limited basis for this Court's jurisdiction, which is not met in the present case, this court finds that it does not have subject matter jurisdiction over the present case pursuant to the Social Security Act.

Next, this Court must determine if it has subject matter jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361, which states:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officr or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The United States Supreme Court has left open the question of whether mandamus jurisdiction is automatically precluded by 42 U.S.C. § 405(h). *Your Home Visiting Nurse Servs. v. Shalala*, 525 U.S. 449, 456 n.3 (1999); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). However, it is nevertheless clear that relief under the Mandamus Act is unavailable in the present case. "The common-law wit of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler*, 466 U.S. at 616; *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

Defendant argues that mandamus relief is not appropriate because Plaintiff failed to raise her challenge to the ALJ at any point in the administrative proceedings or in her prior civil action, Civil No. 1:20cv9-DRL. Plaintiff states in response that "[a]dministrative remedies are futile because the agency believes a proper hearing was held even in the face of an agency wide admission ALJ's were not properly appointed." However, Defendant informs that court that on July 16, 2018, the acting Commissioner ratified the appointment of Social Security ALJ's and

Appeals Council administrative appeals judges and approved their appointments as her own in order to address any Appointments Clause questions involving Social Security claims.  84 Fed.Reg. 9582-02 (Mar. 15, 2019).  In her Complaint for Mandamus, Plaintiff requests that the Commissioner be required to present documents which evidence the proper appointment of the ALJ.  However there is no allegation that Plaintiff ever requested such documents during the pendency of her case before the Agency, or in her Complaint to this Court in Civil No. 1:20cv9-DRL.  Rather, this only became an issue after Plaintiff missed the deadline for paying her filing fee and her case was dismissed.  Clearly, Plaintiff's failure to assert a challenge to the ALJ's appointment before the agency at any point in the administrative proceedings leads to forfeiture of her Appointments Clause claim.  *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38 (1952); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r SSA*, 961 F.3d 1267 (10th Cir. 2020); but see *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3rd Cir. 2020)(finding no forfeiture).  Accordingly, the Complaint for Mandamus will be dismissed.

Conclusion

On the basis of the foregoing, Defendant's motion to dismiss [DE 7] is hereby GRANTED.


 Entered: November 11, 2020.


                                        s/ William C.  Lee
                                        William C. Lee, Judge
                                        United States District Court